O’NIELL, C. J.
 

 This suit is a renewal of a suit tcCreduce a tax assessment. To the first suit, the defendants, taxing authorities, filed a plea of prescription of 30 days and an exception of no cause or right, of action. The plea of prescription was founded upon the provision in the second section of Act No: 97 of 1924, that a suit to reduce an assessment shall not prevail unless filed within the 30 days next following the filing of the assessment rolls in the office of the clerk of court. On the trial of the plea of prescription it developed that the assessment rolls had not been filed or deposited in the office of the clerk of court, notwithstanding the certificate that they had been so filed. The assessor had obtained the clerk’s signature to the certificate and pasted it in the back of the assessment rolls, without ever depositing or bringing a copy of the rolls into the clerk’s office. The judge therefore overruled the plea of prescription and, for the same reason, maintained the exception of no cause or right of action — which might have been termed more properly a plea of prematurity. Thereafter, on the advice of the district attorney, the assessor deposited in the office of the clerk of court the copy of the assessment rolls, which was intended originally to be so deposited, and the clerk of court received and filed it as of the date on which it was actually deposited in his office. The present suit to reduce the assessment was brought within 30 days after the copy of the assessment rolls was actually deposited and filed in the office of the clerk of court. The defendants again filed a plea of prescription of 30 days and an exception of no cause or right of action. The judge overruled the plea of prescription, but' maintained the exception of no cause or right of action, on the ground that the tax list or return, which .was filed by the plaintiff before the 1st of April, as required by the fourteenth section of Act No. 170 of 1898 and by. the third section of act No. 182 of 1906 and by the first section of Act No. 97 of 1924, as a condition precedent to the filing of a suit to contest or reduce an assessment, was signed under an oath administered by a notary public, instead of being signed under an oath administered by the assessor. .The plaintiff has appealed from the decision; and
 
 *209
 
 the defendants, answering the aippeal, invoke their plea of prescription of 30 days.
 

 As the suit was filed within 30 days after the copy of the assessment rolls was actually deposited and filed in the office of the clerk of court, there is no merit in the plea of prescription. It is admitted that, when the clerk of court first certified that the copy of the rolls was deposited in his office, the certificate which he_ signed was not attached to a copy of the rolls, and that a copy of the rolls was never actually filed or .deposited in the clerk’s office, or brought to his office to be filed, until the day on which it wras actually filed, which was less than 30 days before the present suit was filed.
 

 The ruling on the exception of no ■ cause or right of action was based upon an expression used by this court in the case of Hayne v. Assessor, 143 La. 697, 79 So. 280, to the effect that a taxpayer's return or listing of his property for assessment must be signed under oath administered by the assessor, and that no other officer has authority to administer the oath. That expression was not at all necessary for the decision of the case, and was an erroneous expression, resulting from “a consideration of only the eighteenth section of Act No. 170 of 1898, and from overlooking the fourteenth section. The eighteenth section declares that the assessor or a deputy assessor is authorized to administer the oath and is required to actually administer it orally to the person who signs it. From that it was inferred that no other officer had authority to administer-the oath. The true meaning of this requirement in the eighteenth section of the statute is that the officer administering the • oath, whether he be the assessor or deputy assessor or any other officer authorized to administer oaths, shall not merely sign the jurat, but shall actually administer the oath orally to the person signing it. The fourteenth section of the statute declares that the oath shall be made “before the tax assessor, -or any officer authorized by law to administer oaths.” Under that section the tax list or return had to be filed before the 1st day of May. By the third section of Act No. 182 of 190G the date was'changed to the 1st day of April; and that date is retained in Act No. 97 of 1924. These acts require merely that the taxpayer’s list or return of his property for assessment shall be signed under oath, or sworn to, “in the manner and form prescribed by existing laws.” There is no change in the provisions of the fourteenth section of Act No. 170 of 1898 in that respect. The oath taken in this case, therefore, was properly administered by a notary public.
 

 The judgment maintaining the exception of no cause or right of action is annulled, the exception is overruled, and the ease is ordered remanded to the district court for further proceedings.
 

 THOMPSON, J„ recused.